UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD STROTHER, No. 12594-078,

    Petitioner,

  v.

D. SPROUL, Warden, FCI-Marion,

    Respondent.

Case No. 24-cv-1932-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Reginald Strother's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois, where respondent D. Sproul is the warden. The petitioner challenges his sentence on the grounds that the case was initiated by someone without Article III standing to bring a criminal case, so the district court did not have jurisdiction over his prosecution. However, in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), he may not use § 2241 to collaterally attack his sentence in this way.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

The petitioner attempts to take advantage of § 2255's "savings clause" to access § 2241, but that route to relief is no longer available to him after *Jones v. Hendrix*. If he seeks relief

from his criminal conviction, he must seek it under § 2255, and the Court must dismiss this § 2241 petition.

**I.     Background**

In a prior § 2241 case, Judge David W. Dugan summarized the history of Strother's case:

> On December 6, 2006, in the Eastern District of Texas, Petitioner was indicted for one count of knowingly and intentionally possessing, with the intent to distribute, more than fifty grams of a Schedule II controlled substance under 21 U.S.C. § 841(a)(1). *See U.S. v. Strother*, No. 6-cr-182, Doc. 16 (E.D. Tex. Dec. 6, 2006). On February 4, 2009, Petitioner was sentenced to a term of life imprisonment, supervised release of 10 years, and a $100 special assessment. *See Strother*, No. 6-cr-182, Doc. 199. Petitioner directly appealed the conviction, which was denied. ([No. 3:23-cv-1686-DWD,] Doc. 1, pg. 2). For purposes of 28 U.S.C. § 2255, Petitioner suggests he is not challenging the validity of his conviction or sentence as imposed. (Doc. 1, pg. 3). Petitioner has filed at least three motions to vacate, set aside, or correct his sentence under § 2255, all of which were denied. *See Strother*, No. 6-cr-182, Doc. 303.

Mem. & Order 2 (No. 3:23-cv-1686-DWD, Doc. 7).

In the case at bar, Strother argues that there was no Article III standing to prosecute his criminal case because it began with a criminal complaint signed by a local law enforcement officer who was not authorized to commence a federal prosecution. Only an Assistant United States Attorney, a United States Attorney, or the Attorney General has standing to commence a federal criminal prosecution on behalf of the United States. He claims he is entitled to bring this argument in a § 2241 petition because § 2255 is inadequate or ineffective to test the legality of his conviction.

Interestingly, Strother made the same argument before Judge Dugan as he does in this petition. Judge Dugan rejected Strother's attacks on his sentence, finding that Strother's prosecution was procedurally and constitutionally proper. That resolution is currently on appeal to the Court of Appeals for the Seventh Circuit in Appeal No. 24-1441.

**II.    Analysis**

The petitioner (again) argues that the Court should overturn his sentence because the local law enforcement officer that signed the original criminal complaint did not have standing to bring a federal criminal prosecution.  His collateral attack on his sentence is not cognizable in a § 2241 proceeding in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that, with few exceptions, a motion under 28 U.S.C. § 2255 is the sole method of collaterally attacking a sentence.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction.  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).  He is limited to one § 2255 motion and may file a second or successive motion only if he relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2), as his basis for relief.  However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).  It held that this occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."  *Beason v.*

*Marske*, 926 F.3d 932, 935 (7th Cir. 2019).  That is, the Seventh Circuit Court of Appeals allowed an inmate to collaterally attack a sentence in a § 2241 petition based on new rules of *statutory* law that the inmate could not have raised in his criminal proceeding or in a § 2255 motion, either because of timing or the limitation on successive petitions.  This is no longer good law.

Last year, the Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465 (2023), that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal.  *Id.* at 477.  On the contrary, it held § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists.  *Id.* at 474.  The Court held that allowing a collateral attack in a § 2241 petitions in any other circumstance would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances—"newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2).  *Id.* at 477.  The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period.  *Id.* at 477-78.

Thus, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another because his challenge does not fall within the gateway criteria of § 2255(h).  As a consequence, § 2241 is not available to Strother.

### III.     Conclusion

For the foregoing reasons, the Court **DISMISSES with prejudice** Strother's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court

to enter judgment accordingly and notify the petitioner.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  August 28, 2024**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**