UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD STROTHER, No. 12594-078,

    Petitioner,

v.

D. SPROUL, Warden, FCI-Marion,

    Respondent.

Case No. 24-cv-1932-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Reginald Strother's motion (Doc. 6) to alter or amend the Court's August 28, 2024, order (Doc. 4) and judgment (Doc. 5) dismissing his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) as barred by *Jones v. Hendrix*, 599 U.S. 465 (2023). The Court also considers Strother's proposed supplement to his motion to alter or amend (Doc. 7).

Strother's § 2241 petition collaterally attacked his federal sentence on the basis of standing to bring the criminal case. The Court dismissed the petition on its preliminary review because, in light of *Jones v. Hendrix*, it was plain that Strother could not take advantage of § 2255's "savings clause" to bring a § 2241 and that therefore he was entitled to no relief.

In his pending motion, he attacks his criminal sentence with new and creative variations of his original standing argument. Since he placed his motion into the prison mail system on September 19, 2024, within 28 days of entry of the judgment he seeks to amend, it is indeed a Rule 59(e) motion. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[A]ll substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material

evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

  Strother asserts that the Court made a manifest error of law in dismissing his § 2241 petition pursuant to *Jones v. Hendrix*.  However, he does not clearly establish how the Court erred in applying binding Supreme Court precedent or how any such asserted error amounted to a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt*, 807 F.3d at 253.  Simply put, *Jones v. Hendrix* dictates the outcome of this case as explained in the Court's August 28, 2024, order.  Strother has not clearly shown the Court erred in any way in dismissing his § 2241 petition under that authority.  Nor has Strother pointed to any newly discovered material evidence or intervening change in the controlling law that would justify

reconsideration of the judgment in this case.

Accordingly, the Court **DENIES** Strother's Rule 59(e) motion to alter or amend the judgment in this case (Doc. 6) and its supplement (Doc. 7).

**IT IS SO ORDERED.**
**DATED:  October 16, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**